1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   GARY MACK,                          )          1:09-cv-00005-GSA-PC
                                         )
12          Plaintiff,                   )          ORDER DENYING PLAINTIFF'S
                                         )          MOTION TO AMEND THE COMPLAINT
13          vs.                          )          (Doc. 4.)
                                         )
14   FRANK DOUGHERTY, et al.,            )          ORDER DISMISSING ACTION FOR
                                         )          FAILURE/INABILITY TO STATE A
15                                       )          CLAIM
            Defendant.                   )          (Doc. 1.)
16                                       )
                                         )          ORDER FOR CLERK TO CLOSE CASE
17   _____)

18          Plaintiff, Gary Mack ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on January 5, 2009.  (Doc. 1.)  On January

20   22, 2009, plaintiff filed a motion to amend the complaint.  (Doc. 4.)  On January 22, 2009, plaintiff

21   consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(b).  (Doc. 5.)  No other party has made

22   an appearance in this action.

23   I.     SCREENING REQUIREMENT

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

26   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

27   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

28                                                  1

1    from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

2    filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

3    if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4    granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

6    relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

7    claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

8    citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

9    Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must

10   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

11   425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

12   all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13   **II.    SUMMARY OF COMPLAINT**

14       Plaintiff is a state prisoner presently incarcerated at Avenal State Prison in Avenal, California.

15   The complaint, filed on January 5, 2009 pursuant to 42 U.S.C. § 1983, names two defendants, Judge

16   Frank Dougherty (Merced County Superior Court Judge) and the District Attorney's Office in Los Banos,

17   California. Plaintiff requests as relief that the terms of a plea bargain be upheld, and money damages

18   under the Double Jeopardy Act of 1993.

19   **III.    HABEAS CORPUS**

20       When a prisoner challenges the legality or duration of his custody, or raises a constitutional

21   challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.

22   Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied

23   11 S.Ct. 1090 (1991).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no

24   matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

25   conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily

26   demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125

27   S.Ct. 1242, 1248 (2005).

28                                                    2

1    In the complaint, plaintiff clearly challenges his conviction and sentence.  Plaintiff claims he

2  agreed to a plea bargain which was not upheld.  He requests as relief that the plea bargain be upheld, and

3  money damages under the Double Jeopardy Act of 1993.  Success in this action may demonstrate the

4  invalidity of confinement or its duration.   Therefore, plaintiff's sole federal remedy to uphold the plea

5  bargain is a writ of habeas corpus, and the court should dismiss the claim without prejudice.

6  **IV.    JUDICIAL IMMUNITY**

7    State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.  See Olsen

8  v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally

9  accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d

10  1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages

11  under section 1983 ).  Because Frank Dougherty is a state court judge, and the District Attorney is a state

12  prosecutor, these defendants are immune from liability for damages under section 1983.  Therefore,

13  plaintiff fails to state a cognizable claim for damages under section 1983 against either of the defendants.

14  **V.    MOTION TO AMEND**

15    On January 22, 2009, plaintiff filed a motion to amend the complaint.  (Doc. 4.)  "Rule 15(a) is

16  very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen

17  Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  In

18  addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct

19  the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However,

20  courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is

21  sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.[1]

22    In the motion to amend, plaintiff re-states the basis of his claim, that he made a plea bargain

23  which was not upheld.  He discusses details about the charges against him which allegedly should have

24  _____

25    [1]Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter
of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by

26  written consent of the adverse party.  Fed. R. Civ. P. 15(a).  In this case, a responsive pleading has not been served.  However,
plaintiff has not filed, or submitted, an amended complaint and instead has requested leave of court to amend the complaint.

27

28                                3

been dismissed.  Attached to the motion are exhibits which were not submitted with the original complaint, a copy of a minute order by the Merced County Superior Court dated 12/30/08 and a Memo from the Court dated 01/09/09.  Plaintiff does not show any intent to amend the complaint to cure the deficiencies outlined  above.  Amending the complaint without entirely changing plaintiff's claims would be futile.  The court finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## VI.    CONCLUSION

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983, and amending the complaint would be futile.  Therefore, based on the foregoing analysis, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to amend the complaint is DENIED;

2.    This action is DISMISSED, without prejudice, based on plaintiff's failure/inability to state a claim upon which relief may be granted under section 1983; and

3.    The Clerk is directed to close this case.


IT IS SO ORDERED.

Dated:    **March 2, 2009**            **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

4